CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 07 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRENDA KAYE SEAMSTER CARR, | ) | CASE NO. 4:10CV00025 |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By:  B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This *pro se* challenge to the Commissioner's final decision adopting the Administrative Law Judge's October 8, 2009 decision to deny plaintiff's claim for child's insurance benefits, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), to conduct proceedings and render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision eventually adopted as the Commissioner's final decision, an Administrative Law Judge ("Law Judge") found that plaintiff had not reached age twenty-two as of her alleged disability onset date, January 1, 1972, and that she had not engaged in substantial gainful activity since her alleged disability onset date. (R. 17.) The Law Judge determined that prior to attaining age twenty-two, plaintiff had the following severe impairments: arrested hydrocephalus and borderline intellectual functioning. (*Id.*) Further, the Law Judge did not believe plaintiff had an

impairment or combination of impairments that met or equaled a listed impairment. (*Id.*) The Law Judge found that prior to age twenty-two, plaintiff retained the residual functional capacity to perform sedentary work, except that she was limited to simple, unskilled jobs. (R. 19.) The Law Judge found that plaintiff had no past relevant work, but that jobs existed which she could perform prior to age twenty-two. (R. 24.) The Law Judge ultimately found that plaintiff was not disabled prior to March 4, 1972, the date she attained age twenty-two. (R. 25.)

Plaintiff appealed the Law Judge's October 8, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no reason to review the Law Judge's decision and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

A child is disabled under the Social Security Act if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In order to be eligible for child's insurance benefits, a claimant must be under age eighteen,

eighteen years old or older and have a disability that began prior to twenty-two years old, or eighteen years or older and qualify for benefits as a full-time student. 20 C.F.R. § 404.350(a)(5). Plaintiff is older than eighteen. Thus, she must establish that her disability began prior to age twenty-two.

In her letter brief, plaintiff argues that she is entitled to benefits on the basis that she has suffered hydrocephalus, fluid on her brain, since birth. (Pl's Letter Brief, p. 1.)[1] Plaintiff contends that the Law Judge's decision to deny her claim for benefits was purely discriminatory. (*Id.*)

The record does not contain contemporaneous evidence which establishes that plaintiff suffered disabling hydrocephalus prior to age twenty-two. Rather, the only medical evidence before the court is in the form of retrospective opinions from treating sources.

George A. Hurt, M.D., plaintiff's treating neurosurgeon, provided a retrospective opinion in a letter dated September 13, 2004. (R. 262.) The physician noted that plaintiff had documented ventricular enlargement at least going back to 1984, and "possibly" before that. (*Id.*) Dr. Hurt opined that the condition was "probably" a congenital abnormality, but he conceded that he did not have any imaging studies from that time period to support his "suspicion." (*Id.*)

Dr. Hurt provided another opinion letter dated July 11, 2008. (R. 170.) There, Dr. Hurt noted that plaintiff was fifty-eight years old and had been treated in his office since 1984. (*Id.*) Dr. Hurt further noted that plaintiff had been diagnosed with arrested hydrocephalus and opined that the condition had been present at birth. (*Id.*) The physician related that plaintiff's condition causes difficulties with coordination and mentation, and that this resulted in "some degree of

---

[1] Plaintiff's November 19, 2010 letter brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

3

disability." (*Id.*) Dr. Hurt did not expect any improvement, and as such, he opined that plaintiff's disabilities were permanent in nature. (*Id.*) Most significantly, Dr. Hurt opined that plaintiff's disabilities had been present "essentially since she was born." (*Id.*)

Stephen L. Thompson, M.D., plaintiff's primary care physician, also provided evidence in the case. (R. 171.) In his November 19, 2008 letter, Dr. Thompson noted that he had treated plaintiff during the 1970's, and at that time, she had microcephalus[2]. (*Id.*) He opined that during that time period plaintiff was not able to work because she was clumsy, had significant memory retention issues, and suffered depression. (*Id.*) Dr. Thompson further opined that plaintiff was "not able to work in any particular job" during the period he treated her. (*Id.*) Finally, Dr. Thompson noted that he did not have access to plaintiff's medical records from the 1970's because the records had apparently been destroyed. (*Id.*)

The foregoing provides substantial support for the Law Judge's finding that plaintiff's hydrocephalus was not disabling prior to age twenty-two. Thus, the Law Judge's decision that plaintiff was not disabled is supported by substantial evidence. For all these reasons, the undersigned RECOMMENDS that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

---

[2] Microcephalus refers to an individual with a very small head. *Dorland's Illustrated Medical Dictionary* 1175 (31st ed. 2007).

4

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/ *[signature]*
U.S. Magistrate Judge

3-7-2011
Date